UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELIZABETH ANDRES, JASON BERENT, RYAN CALDWELL, ZACHARY CALDWELL, MATHEW CALDWELL, DEANNA CALDWELL, TODD CARSON, MICHAEL COLES, DAWN D'AGOSTINO, CORY D'AGOSTINO, individually and on behalf of G. D., CHRISTOPER DAIGLER, DAVID DAIGLER, KATLIN DAIGLER, KATHERINE DAIGLER, individually and on behalf of H.B.D., MICHAEL DIPOTA, ANTHONY DIPOTA, MARY DIPOTA, NICOLAS DIPOTA, STACEY DRMOTA, FRED DRMOTA, MEGAN DRMOTA, RYAN FOLLENDORF, TIMOTHY FOLLENDORF, CATHERINE FOLLENDORF, WILLIAM FORTH, GLEN GEBHARDT, JOLIE GIARDINO, JENNIE GONAS, RACHEL KAISER, JOHN KEEFE, GAIL KING, individually and on behalf of T. K., J.J.K, BRIANNA KING, JOHN KING, JANELLE KING, ROBERT KOCSIS, SARAH KRAUS, VARSHA KRAUS, THOMAS KRUEGER, CINDY KRUEGER, LARRY KRUEGER, LARRY KRUEGER II, GREGORY LISINSKI, WILLIAM MAINES, NANCY MAINES, KELLI MEISENBURG, BETTY NEUMANN, DOUGLAS NEUMANN, ANDREW NIZIOL, DONALD RICHARDS, DEBRA ROGERS, KYLE ROGERS, JAMES ROSEBROCK, JOHN SEE, RENE SEE, KATHLEEN SEE, KINBERLY SOSNOWSKI, individually and on behalf of K.S, JENNIFER STANDISH, DENNIS STICKNEY, SARAH KRAUS, VARSHA KRAUS, AND CLASS REPRESENTATIVES BRETT A. GRAWE and REBECCA GRAWE, individually and on behalf of A. G. B.G, SAMANTHA GRAWE, and all others similarly situated,

        Plaintiffs,

  v.

TOWN OF WHEATFIELD, a municipality located in Niagara County, New York, Individually and as Successor in Interest to NIAGARA SANITATION COMPANY; OCCIDENTAL CHEMICAL CORPORATION, Individually and as Successor in Interest to HOOKER CHEMICAL AND PLASTICS CORPORATION; BELL HELICOPTER TEXTRON, INC. individually and as Successor in Interest to BELL AIRCRAFT CORPORATION; SAINT-GOBAIN ABRASIVES INC. individually and as Successor in Interest to the CARBORUNDUM COMPANY; ROE CONSOLIDATED HOLDINGS individually

**NOTICE OF REMOVAL**

**JURY TRIAL DEMANDED**

Civil Action No. 17-cv-377

and as Successor in Interest to FRONTIER CHEMICAL PROCESS, INC.; GRAPHITE SPECIALTIES; CROWN BEVERAGE PACKAGING, LLC individually and as Successor in Interest to CONTINENTAL CAN; AND GREIF, INC. individually and as Successor in Interest to GREIF BROS. COOPERAGE CORPORATION,

       Defendants.

Defendants Town of Wheatfield, Occidental Chemical Corporation, Bell Helicopter Textron, Inc., Saint-Gobain Abrasives, Inc., and Crown Beverage Packaging, LLC ("Removing Defendants"), by their undersigned attorneys, hereby give notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, to the United States District Court for the Western District of New York. As grounds for removal, Removing Defendants state as follows:

## PRELIMINARY STATEMENT

1. This putative class action was filed on March 26, 2017 in New York Supreme Court, Niagara County, bearing Index Number E161116/2017. (*See* Ex. A, Summons and Complaint.) Plaintiffs allege that they are 68 current and former residents of North Tonawanda and Wheatfield, New York, who seek recovery on behalf of themselves and a putative class of similarly situated persons for alleged injuries arising from purported exposure to chemicals deposited at a former landfill located in the Town of Wheatfield, New York. (*See id.* ¶¶ 54-118, 153-54.) Defendants are a variety of 15 private and municipal entities that Plaintiffs allege are responsible for the alleged discharges. (*See id.* ¶¶ 123-52.)

2. Plaintiffs seek recovery under several state-law theories, including negligence, strict liability, nuisance, and trespass. (*Id.* ¶¶ 163-217.) These 68 Plaintiffs seek compensatory damages, including damages for alleged personal injuries, damages for the

cost to remediate their properties, and damages for the alleged diminution in value of their properties.  (*Id.* ¶¶ 221.)  They also seek the imposition of a medical monitoring program that they ask be funded for, *inter alia*, (a) medical monitoring of individuals allegedly exposed to alleged contaminants; (b) "research into possible cures for the detrimental effects" of exposure to the alleged contaminants; (c) provision of information to Plaintiffs' treating physicians; (d) aiding in early diagnosis and treatment of alleged potential injuries; and (e) "further studies of the long-term effects of the exposure." (*Id.* ¶ 228.)  They further seek damages for "all future costs associated with environmental monitoring" of the alleged contamination that is purported to be migrating to their properties.  (*Id.* ¶ 154(d).)  Finally, in addition to compensatory damages, Plaintiffs demand punitive damages and attorneys' fees.  (*Id.* at 50-52.)

3. Each of the 68 current and former residents who are the named plaintiffs in this putative class action lawsuit served on Defendant Town of Wheatfield identical notices of claim which advised that they intended to commence this lawsuit and seek, for each Plaintiff, damages in amounts ranging from $50 million to $60 million.  (*See*, *e.g.*, Ex. B, Sample Notice of Claim.)  More than 100 additional persons also served on Defendant Town of Wheatfield notices of claim identical to those served by the Plaintiffs.

4. As set forth below, this putative class action is properly removable to federal court under the Class Action Fairness Act (CAFA) because the parties are minimally diverse and the aggregate amount in controversy for the putative class exceeds $5 million.

## REMOVAL IS PROPER UNDER CAFA

5. The Court has subject-matter jurisdiction pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453, over this putative class action in which the parties are

minimally diverse and the amount in controversy exceeds $5 million, exclusive of costs and interest.  "CAFA's primary objective," as the Supreme Court has stated, is to ensure "Federal court consideration of interstate cases of national importance." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (quotation omitted).  CAFA jurisdiction exists here:  the claim is a putative class action, the parties are minimally diverse, and the amount in controversy exceeds $5 million, exclusive of costs and interest.  28 U.S.C. § 1332(d)(1)-(2).

**A.     This Case Is a Putative Class Action**

6.     Plaintiffs invoke N.Y. CPLR 901 and seek to certify several subclasses of persons who have lived in or owned property in areas of Wheatfield and Tonawanda, New York, that Plaintiffs allege are affected by wastes deposited at the former landfill. (Compl. ¶ 154.)

7.     Accordingly, this case is a "class action" within the meaning of CAFA because it is brought pursuant to a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

**B.     The Amount in Controversy Requirement Is Satisfied**

8.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  "A notice of removal need only 'contain[ ] a short and plain statement of the grounds for removal,'" and thus a defendant need not provide proof of the amount in controversy requirement unless its

"'assertion of the amount in controversy is challenged.'"  *Egleston v. The Valspar Corp.*, 2015 WL 6508329, at *4 (S.D.N.Y. Oct. 13, 2015) (quoting *Dart*, 135 S. Ct. at 553).

9. Here, Plaintiffs allege that the class "has reached several hundred" Plaintiffs in size.  (Compl. ¶ 157.)  Thus, assuming that "several" hundred is at least 300, the amount-in-controversy requirement is satisfied if each Plaintiff's claim seeks $16,666.  Given that Plaintiffs seek recovery for alleged personal injuries, diminution of real property value, an extensive prospective medical monitoring program, punitive damages, and attorneys' fees, it is readily apparent that each Plaintiff seeks at least $16,666.  Indeed, the notices of claim that led to this lawsuit asserted damages of $50 million to $60 million *each*.  (*See, e.g.*, Ex. B, Sample Notice of Claim.)

10. Accordingly, the amount-in-controversy requirement is satisfied.[1]

**C.     The Diversity Requirement Is Satisfied**

11. For purposes of diversity jurisdiction, an individual is a citizen of the state where they are domiciled, which is determined based on "physical presence and intent to remain in that place indefinitely."  *Dukes ex rel. Dukes v. N.Y. City Employees' Ret. Sys., & Bd. of Trustees*, 581 F. App'x 81, 82 (2d Cir. 2014); *accord Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).

12. Here, Plaintiff Elizabeth Andres alleges that she is a resident of North Tonawanda, New York, and does not allege any intent to return elsewhere.  (Compl. ¶ 55.)  Thus, at least one Plaintiff is a citizen of New York for purposes of diversity jurisdiction.

---

[1]  Removing Defendants note that the inquiry at this stage concerns only the amount of damages *requested* by the Plaintiff.  Removing Defendants need not, and do not, concede that Plaintiffs are entitled to recover any damages.  *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 945 (8th Cir. 2012) (stating in CAFA case that "[t]he removing party need not confess liability in order to show that the controversy exceeds the threshold") (internal quotation marks omitted).

13. Defendant Bell Helicopter Textron, Inc. is incorporated outside New York and maintains its principal place of business outside New York. Thus, Bell Helicopter Textron, Inc. is not a citizen of New York for purposes of diversity jurisdiction.

14. Defendant Saint-Gobain Abrasives, Inc. is incorporated outside New York and maintains its principal place of business outside New York. Thus, Saint-Gobain Abrasives, Inc. is not a citizen of New York for purposes of diversity jurisdiction.

15. Defendant Crown Beverage Packaging, LLC is organized outside New York and maintains its principal place of business outside New York. Thus, Crown Beverage Packaging, LLC is not a citizen of New York for purposes of diversity jurisdiction.

16. While not required for purposes of removal, upon information and belief, other Defendants are also not citizens of New York for purposes of diversity jurisdiction.

17. Accordingly, at least one plaintiff is diverse from at least one defendant, satisfying the CAFA diversity requirement.

**D.     All Procedural Requirements for Removal Are Satisfied**

18. Upon information and belief, Removing Defendants were served with the Summons and Complaint in this action beginning on or about April 6, 2017. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

19. The New York Supreme Court, Niagara County, is located within the Western District of New York. *See* 28 U.S.C. § 1441(a).

20. The requirements that no Defendant properly joined and served are a citizen of the State in which this action was brought and that all Defendants consent to

removal do not apply with regard to removals effected under CAFA.  *See* 28 U.S.C. § 1453(b).

21. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and other documents served upon Removing Defendants are attached hereto.  (*See* Ex. A.)

22. Pursuant to Local Rule of Civil Procedure 81(a)(3), an index identifying each document filed and/or served in the state court action, and each such document individually tabbed and arranged in chronological order, are attached hereto. (*See* Ex. C.)

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the New York Supreme Court, Niagara County.

24. Removing Defendants reserve the right to amend or supplement this Notice of Removal.

25. If any other question arises as to the propriety of the removal of this action, Removing Defendants request the opportunity to present a brief and request oral argument in support of removal.

WHEREFORE, Removing Defendants hereby remove this action from the New York Supreme Court, Niagara County, bearing Index Number E161116/2017, to this Court.

Dated:  May 3, 2017

| | |
|---|---|
| PHILLIPS LYTLE LLP | BOND SCHOENECK & KING |
| By: */s/ Kevin M. Hogan*<br>    Kevin M. Hogan<br>    Joel A. Blanchet<br>Attorneys for Defendant<br>*Occidental Chemical Corporation*<br>One Canalside, 125 Main Street<br>Buffalo, New York  14203-2887<br>Telephone:  (716) 847-8400<br>Facsimile: (716) 852-6100<br>khogan@phillipslytle.com<br>jblanchet@phillipslytle.com | By: *s/ Charles Grieco*<br>    Charles Grieco<br>Attorneys for Defendant<br>*Town of Wheatfield*<br>Avant Building, Suite 900<br>200 Delaware Avenue<br>Buffalo, New York 14202-2107<br>Telephone: (716) 416-7000<br>Facsimile: (716) 416-7001<br>cgrieco@bsk.com |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Sheila L. Birnbaum<br>Douglas E. Fleming III<br>Mara Cusker Gonzalez<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone:  (212)849-7000<br>Facsimile:  (212)849-7100<br>sheilabirnbaum@quinnemanuel.com<br>douglasfleming@quinnemanuel.com<br>maracuskergonzalez@quinnemanuel.com | Matthew E. Brooks<br>Wheatfield Town Attorney<br>2800 Church Road<br>North Tonawanda, New York 14120<br>Telephone: (716) 694-6440<br>Facsimile: (716) 694-5419<br>mattb@wheatfield.ny.us |
| HODGSON RUSS LLP | GOLDBERG SEGALLA |
| By: */s/ Hugh M. Russ III*<br>    Hugh M. Russ III<br>    Jeffrey C. Stravino<br>Attorneys for Defendant<br>*Saint-Gobain Abrasives, Inc.*<br>The Guaranty Building<br>140 Pearl Street, Suite 100<br>Buffalo, New York  14202<br>Telephone:  (716) 856-4000<br>Facsimile: (716)819-4759<br>hruss@hodgsonruss.com<br>jstravino@hodgsonruss.com | By: */s/ Joseph J. Welter*<br>    Neil A. Goldberg<br>    Joseph J. Welter<br>Attorneys for Defendant<br>*Bell Helicopter Textron, Inc.*<br>665 Main Street<br>Buffalo, New York 14203-1425<br>Telephone:  (716)566-5400<br>Facsimile:  (716)566-5401<br>ngoldberg@goldbergsegalla.com<br>jwelter@goldbergsegalla.com |

NIXON PEABODY LLP

By: /s/ Laurie Styka Bloom
 Laurie Styka Bloom
Attorneys for Defendant
*Crown Beverage Packaging, LLC*
40 Fountain Plaza, Suite 500
Buffalo, New York  14202-2224
Telephone:  (716) 853-8102
Facsimile:  (866) 283-1382
lbloom@nixonpeabody.com

Doc #01-3036462.