UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ELIZABETH ANDRES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-00377-CCR |
| | ) | |
| TOWN OF WHEATFIELD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| -------------------------------------------------- | ) | |
| ALICIA BELLAFAIRE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-00560-CCR |
| | ) | |
| TOWN OF WHEATFIELD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| -------------------------------------------------- | ) | |
| THEODORE WIRTH, III, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-01486-CCR |
| | ) | |
| TOWN OF WHEATFIELD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION
TO STRIKE AND/OR DISMISS PLAINTIFFS' CLASS ALLEGATIONS**
(Doc. 276)

Plaintiffs are current or previous owners or renters of residential properties in

North Tonawanda, New York, and the surrounding area, who have lived in that area for

at least one year (collectively, "Plaintiffs"). They seek to bring a class action suit against

the Town of Wheatfield (the "Town"); Occidental Chemical Corporation; Bell Helicopter Textron, Inc.; Crown Beverage Packaging, LLC; Greif, Inc.; Republic Services, Inc.; Honeywell International Inc.; Industrial Holdings Corporation; Saint-Gobain Advanced Ceramics, LLC; and Carborundum Corporation (collectively, "Defendants") arising out of Plaintiffs' alleged exposure to toxic substances emanating from the Town's Nash Road landfill (the "Site").

Pending before the court is Defendants' joint motion to strike and/or dismiss Plaintiffs' class allegations (Doc. 276), Defendants' joint motion for a *Lone Pine* order (Doc. 275), and Defendants' motion for partial summary judgment and dismissal of Plaintiffs' Comprehensive Environmental Response, Compensation, and Liability Act Claims (Doc. 304), which the court took under advisement following oral argument on June 28, 2022.

Defendants request an order "striking and/or dismissing" with prejudice Plaintiffs' class allegations in the *Andres* Third Amended Complaint (the "TAC") "as well as any reference or incorporation of such allegations in the *Wirth* and *Bellafaire* Second Amended Complaints[.]" (Doc. 276 at 1.) They assert that because "it would be impossible to certify the alleged classes regardless of the facts the Plaintiffs might obtain during discovery[,]" the court should strike "the personal injury and property damage class action allegations relating to each of [Plaintiffs'] four putative subclasses in their entirety." (Doc. 276-1 at 7.)

"[C]ourts may decide the issue of certification based on a review of the complaint prior to a party's motion to certify the proposed class." *Glewwe v. Eastman Kodak Co.*, 2006 WL 1455476, at *2 (W.D.N.Y. May 25, 2006) (citations omitted). "Ordinarily, such a determination follows a motion for class certification," but a defendant may "move for an order denying class certification before the plaintiff has filed such motion." *Borgese v. Baby Brezza Enters. LLC*, 2021 WL 634722, at *2 (S.D.N.Y. Feb. 18, 2021) (internal quotation marks and citations omitted).

Pursuant to Fed. R. Civ. P. 23(a), one or more members of a class may sue or be sued as representative parties of the class if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "The four requirements set forth above are commonly referred to as the 'numerosity,' 'commonality,' 'typicality' and 'adequacy' requirements." *Glewwe*, 2006 WL 1455476, at *2. In addition, the Second Circuit has "recognized an 'implied requirement of ascertainability' in Rule 23 of the Federal Rules of Civil Procedure." *Brecher v. Republic of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015) (citations omitted). "[T]he touchstone of ascertainability is whether the class is 'sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.'" *Id.* (quoting 7A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 1760 (3d ed. 1998)).

Plaintiffs assert that Defendants' motion, which is being made pre-discovery, is "patently premature" and attacks "the proposed classes on the same grounds as would be considered on a motion for class certification, which is yet to be filed." (Doc. 300-4 at 8.) Plaintiffs intend to evaluate their class claims after class discovery and "move only to certify the claims that are likely to be certified." *Id.* at 11 (citation omitted).

Defendants primarily rely on authority decided at the class certification stage where it is abundantly clear the suit should not proceed as a class action. As a result, the cases they cite regarding motions to strike are inapposite. *See, e.g., Camacho v. City of New York*, 2020 WL 4014902, at *3 (S.D.N.Y. July 16, 2020) (holding that, after limited discovery regarding the numerosity requirement, "[t]he record is already clear that the plaintiffs will not be able to demonstrate that more than sixteen individuals would meet the definition of the class as alleged in the Amended Complaint"); *Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 122 (S.D.N.Y. 2012) (granting motion to strike where Supreme Court precedent "strip[ped] Plaintiffs of standing to seek 23(b)(2) certification"); *Glewwe*, 2006 WL 1455476, at *2 (granting motion to strike where

3

plaintiffs' state law claims lacked commonality because they were brought pursuant to thirty-five separate wage laws and breach of contract laws of fifty jurisdictions and lacked adequacy because plaintiffs executed releases that rendered their claims invalid).

In the Second Circuit, "motions to strike class allegations are often denied as premature." *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 511 (S.D.N.Y. 2015) (citations omitted). As one district court observed:

> "[i]n this Circuit, motions to strike are generally looked upon with disfavor," and motions to strike class claims "are particularly disfavored because they require a reviewing court to preemptively terminate the class aspects of litigation," on the basis solely of a complaint and without the benefit of discovery. Motions to strike are entertained "if the inquiry would not mirror the class certification inquiry and if the resolution of the motion is clear." But in general, district courts will defer such questions until the class certification stage.

*Gill v. Nat'l Football League*, 2021 WL 5087900, at *4 (S.D.N.Y. Nov. 2, 2021) (first alteration in original) (citations omitted); *see also Ironforge.com v. Paychex, Inc.*, 747 F. Supp. 2d 384, 404 (W.D.N.Y. 2010) (stating same and concluding that there was "no reason to depart from the usual practice by deciding now, on a motion to strike, whether [plaintiffs'] claims are typical of those of the proposed class" because "[plaintiffs'] motion for class certification is not before [the court] at this time"). "Accordingly, district courts in this Circuit have frequently found that a determination of whether the Rule 23 requirements are met is more properly deferred to the class certification stage, when a more complete factual record can aid the [c]ourt in making this determination." *Mazzola v. Roomster Corp.*, 849 F. Supp. 2d 395, 410 (S.D.N.Y. 2012).

For example, although Defendants assert that Plaintiffs' proposed property value damage subclass is an improper "fail-safe" class because it is defined in terms of Plaintiffs' legal injury, "[a] finding of a fail-safe class does not result in a bar to certification of the class." *Hicks v. T.L. Cannon Corp.*, 35 F. Supp. 3d 329, 357 (W.D.N.Y. 2014).

> While it is true that a "fail-safe class" may not ultimately be permissible . . . courts in this Circuit have also found that a class may proceed even when it is determined to be "fail-safe[.]" This case has not yet reached the class

> certification stage. At that time, "[t]he party seeking class certification
> bears the burden of establishing by a preponderance of the evidence that
> each of Rule 23's requirements ha[ve] been met." [Defendant's] concerns
> about the potential "fail-safe" nature of the proposed class are best resolved
> at the class certification stage, not through a motion to strike.

*Owens v. Starion Energy, Inc.*, 2017 WL 2838075, at *9 (D. Conn. June 30, 2017)
(citations omitted).

      In deciding certification, "[a] district judge is to assess all of the relevant evidence admitted at the class certification stage and determine whether each Rule 23 requirement has been met, just as the judge would resolve a dispute about any other threshold prerequisite for continuing a lawsuit." *Hicks*, 35 F. Supp. 3d at 350 (internal quotation marks omitted). Defendants' motion to strike largely "mirror[s]" the inquiry that will occur at the class certification stage but has been filed before the benefit of discovery. *Gill*, 2021 WL 5087900, at *4; *see also Yang Chen v. Hiko Energy, LLC*, 2014 WL 7389011, at *7 (S.D.N.Y. Dec. 29, 2014) ("Because [the defendant's] motion raises issues 'that would be decided in connection with determining the appropriateness of class certification,' the motion [is] denied as premature, 'without prejudice to the defendant's ability to oppose class certification on the[] same grounds.'") (quoting *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 464-65 (S.D.N.Y. 2013)).

      Finally, while Defendants raise arguments regarding Plaintiffs' proposed subclasses that may prove relevant at class certification, as the Second Circuit has held, "[a] court is not bound by the class definition proposed in the complaint and should not dismiss the action simply because the complaint seeks to define the class too broadly." *Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir. 1993) (citation omitted). To the extent Plaintiffs' classes are defined too broadly in the TAC, they may be amended either by Plaintiffs or the court at the class certification stage rather than being stricken by the court pre-discovery. Courts have recognized "the ongoing refinement and give-and-take inherent in class action litigation, particularly in the formation of a workable class definition" and have allowed Plaintiffs to amend a class definition even "in their reply

5

brief" at the certification stage. *Buck v. Am. Gen. Life Ins. Co.*, 2021 WL 733809, at \*4-5 (D.N.J. Feb. 25, 2021) (internal quotation marks and citations omitted).

## CONCLUSION

For the foregoing reasons, Defendants' motion to strike and/or dismiss Plaintiffs' class allegations (Doc. 276) is DENIED WITHOUT PREJUDICE AS PREMATURE. SO ORDERED.

Dated this ___11___ day of August, 2022.

Christina Reiss, District Judge
United States District Court