UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH ANDRES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF WHEATFIELD, *et al.*, <br><br> Defendants. | Case No. 1:17-cv-00377-CCR |
| ALICIA BELLAFAIRE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF WHEATFIELD, *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00560-CCR |
| THEODORE WIRTH, III, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF WHEATFIELD, *et al.*, <br><br> Defendants. | Case No. 1:18-cv-01486-CCR |

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT GREIF, INC.'S MOTION FOR ATTORNEYS' FEES**
(Doc. 376)

Pending before the court is Defendant Greif, Inc.'s ("Greif") motion for an award of attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5)(B), filed on January 27, 2023. (Doc. 376.) Plaintiffs opposed the motion on February 10, 2023 (Doc. 377), and Greif

replied on February 13, 2023 (Doc. 378), at which point the court took the motion under advisement.

Greif is represented by Brian C. Mahoney, Esq., Kirstie Alexandra Means, Esq., Richard T. Sullivan, Esq., and Steven Paul Nonkes, Esq. Plaintiffs are represented by Lilia Factor, Esq., Nevin Wisnoski, Esq., Ashley M. Liuzza, Esq., Christen Civiletto, Esq., Louise R. Caro, Esq., Michael G. Stag, Esq., Paul J. Napoli, Esq., and Tate James Kunkle, Esq.

## I. Factual and Procedural Background.

Plaintiffs are current or previous owners or renters of residential properties in North Tonawanda, New York, and the surrounding area, who have lived in that area for at least one year (collectively, "Plaintiffs"). They seek to bring a class action suit against Greif and other Defendants.

On December 13, 2021, Greif issued initial disclosures and stated:

> Pursuant to Rule 26(a)(1)(a)(iv) of the Federal Rules of Civil Procedure, Greif states that it is not presently aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any such judgment. To the extent Greif becomes aware of any applicable insurance agreement, it will make available for inspection and copying any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

(Doc. 351-5 at 6.)

On December 20, 2021, the court held a Fed. R. Civ. P. 16 scheduling conference, wherein Plaintiffs asserted that Defendants' Rule 26 disclosures were inadequate. Thereafter, the court entered a Case Management Order ("CMO") (Doc. 283), which ordered the parties to make initial Rule 26(a)(1) disclosures within fifteen days of the CMO. On March 14, 2022, Plaintiffs sent a letter to Defendants, including Defendant Greif, asserting that their Rule 26 disclosures were inadequate. The letter detailed Plaintiffs' specific issues with Defendants Crown Beverage Packing, LLC ("Crown"), Industrial Holdings Corporation ("Industrial Holdings"), and Republic Services, Inc.'s

2

("Republic") insurance disclosures, but did not mention any issues with Greif's disclosures. On April 21, 2022, Plaintiffs' counsel met and conferred with counsel for Crown, Republic, and Industrial Holdings regarding their Rule 26 disclosures, at which point those Defendants "re-emphasized that there were no insurance policies for them to produce under Rule 26(a) initial disclosures." (Doc. 351-1 at 7.) There is no evidence that Plaintiffs' counsel met and conferred with counsel for Greif.

On November 23, 2022, Plaintiffs' counsel emailed Greif's counsel, as well as counsel for all other Defendants, stating:

> [w]e recently learned that at least one defendant failed to identify and produce responsive insurance policies under Rule 26 through the initial disclosure process despite apparently making claims under those same policies for this action. . . . Given this recent revelation and what appears to be a lack of good faith, we feel we must file motions to compel against all defendants for insurance policies which 'may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.' If you have insurance policies that are required to be disclosed under Rule 26, please produce immediately so we do not have to involve the court.

(Doc. 363-5 at 3.) On December 1, 2022, Plaintiffs moved to compel Greif's initial disclosures and requested sanctions because Greif allegedly failed to produce insurance agreements in its initial disclosures as required by Fed. R. Civ. P. 26(a)(1)(A)(iv). (Doc. 351.)

Defendant Greif opposed Plaintiffs' motion, pointing out that it had no insurance coverage and stating Plaintiffs failed to meet and confer with it before filing:

> Plaintiffs **never** asked to meet and confer with Greif concerning its initial disclosures relating to insurance. Had we met and conferred, I could have explained to Plaintiffs' counsel that Greif searched for applicable insurance policies, that despite a diligent search Greif was unable to identify any policy that even arguably provided coverage, and that Greif had never submitted any claim related to this case under any insurance policy.

(Doc. 378 at 3) (internal quotation marks omitted) (quoting Doc. 362-1 at 3, ¶ 8) (emphasis in original). Greif further argued that "Plaintiffs' motion [was] not supported by any evidence that Greif failed to disclose a relevant insurance policy[,]" and observed "Plaintiffs' motion present[ed] almost no argument directed at Greif." (Doc. 362 at 3.)

Plaintiffs replied on December 22, 2022 (Doc. 370) and withdrew their motion to compel against Greif, conceding that:

> After a review of . . . Greif's opposition[], Plaintiffs withdraw the motion[.] . . . The discovery conference[] for [Greif] [was] held by Lilia Factor, a former attorney with the Napoli Shkolnik law firm. There was some confusion after her departure. Accordingly, Plaintiffs withdraw the motion as to . . . Greif at this time.

(Doc. 370 at 3.)

On January 6, 2023, the court heard oral arguments regarding, among other things, Plaintiffs' motion to compel and for sanctions. The court found Plaintiffs had "failed to fully satisfy meet and confer requirements"[1] and ruled that Greif could "file an application for attorney's fees to which Plaintiffs may object." (Doc. 373.) The pending motion ensued. Greif requests a total of $7,980.00 in fees, based on counsel's rate of $285 per hour for twenty-eight hours of work, which it asserts is reasonable.

## II. Conclusions of Law and Analysis.

### A. Whether Greif is Entitled to Attorneys' Fees Under Fed. R. Civ. P. 37(a)(5)(B).

Rule 37(a)(5)(B) provides that if a motion for an order compelling disclosure or discovery is denied:

> the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

*Id.* "[T]he rule is mandatory unless one of the conditions for not making an award is found to exist, but these conditions are themselves broad enough that the court retains some discretion in the matter[.]" *Pegoraro v. Marrero*, 2012 WL 5964395, at *4

---

[1] Local Rule 7(d)(3) provides: "No motion for discovery and/or production of documents under Fed. R. Civ. P. 37 shall be heard unless accompanied by an affidavit showing that sincere attempts to resolve the discovery dispute have been made. Such affidavit shall detail the times and places of the parties' meetings or discussions concerning the discovery dispute and the names of all parties participating therein, and all related correspondence must be attached."

4

(S.D.N.Y. Nov. 28, 2012) (quoting 8B Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice and Procedure § 2288 (3d ed. 2010)). The burden is "on the losing party to avoid assessment of expenses and fees rather than . . . on the winning party to obtain such an award." *Id.* (alteration in original).

Plaintiffs oppose Greif's motion, asserting that Fed. R. Civ. P. 37(a)(5)(C) governs the attorneys' fees award and provides that if a motion for an order compelling disclosure or discovery is granted in part and denied in part, "the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). This rule, Plaintiffs argue, renders award of fees "entirely discretionary[.]" (Doc. 377 at 2.)

As Greif correctly points out, "[n]o part of Plaintiffs' motion was granted against Greif." (Doc. 378 at 2.) Instead, Plaintiffs withdrew their motion before the court had to adjudicate its merits. They cite two exceptions set forth in Fed. R. Civ. P. 37(a)(5)(B), asserting that attorneys' fees must not be granted because their motion to compel was substantially justified, as "reasonable minds could differ as to the properness of the motion when made and when dismissed," (Doc. 377 at 4), and because an award of expenses would be unjust.

"For the purposes of Rule 37(a)(5), making a motion is substantially justified if there is a genuine dispute, or if reasonable people could differ as to the [appropriateness of the contested action]." *Pegoraro*, 2012 WL 5964395 at *4 (internal quotation marks omitted) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (alteration in original). The court may also "find that other circumstances make an award of expenses unjust, for example 'where the prevailing party also acted unjustifiably.'" *Id.* (quoting Advisory Committee Notes on 1970 Amendment to Fed. R. Civ. P. 37(a)(4)).

At the January 6, 2023 hearing, the court found that Plaintiffs "failed to fully satisfy meet and confer requirements[,]" (Doc. 373), and Plaintiffs' motion presented no grounds for compelling Greif's initial disclosure,[2] which complied with its disclosure

---

[2] Plaintiffs' motion to compel and for sanctions mentioned Greif twice. First, Plaintiffs quoted Greif's initial disclosure. *See* Doc. 351-1 at 5. Second, Plaintiffs argued that "Republic['s],

5

requirements. Plaintiffs' motion thus lacked a good faith factual and legal basis and they violated the court's Local Rules by failure to attend a meet and confer before filing it. In such circumstances, Plaintiffs' motion cannot fairly be characterized as "substantially justified."

In contrast, Greif, the prevailing party, filed timely initial disclosures and acted appropriately. The court thus cannot find its position was not justified. Because Plaintiffs have failed to demonstrate that an exception to Fed. R. Civ. P. 37(a)(5)(B) applies, the Rule indicates an award of attorneys' fees is appropriate.

### B.  Calculation of Reasonable Attorneys' Fees.

Greif requests a total of $7,980.00 in fees based on its attorneys' hourly rates of $285 per hour for 16.6 hours opposing Plaintiffs' motion to compel and for sanctions, 4.2 hours preparing Greif's application for fees, and 7.2 hours spent working on Greif's reply in further support of its application for fees. Plaintiffs describe Greif's requested amount as "[u]nreasonably [o]verinclusive" and they request that no more than $1,196.50 be awarded. (Doc. 377 at 4.) "[T]he fee applicant bears the burden of establishing entitlement to an award[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The court has "discretion to determine [] what constitutes a reasonable fee." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998)). "[W]hen a prevailing party is entitled to attorneys' fees, the [] court must abide by the procedural requirements for calculating those fees articulated by [the Second Circuit] and the Supreme Court." *Id.*

In the Second Circuit, courts calculate attorneys' fees under the "lodestar" approach, whereby a "presumptively reasonable fee" is determined based on a reasonable hourly rate and the reasonable number of hours required by the case. *Id.* (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008) (internal quotation marks omitted); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S.

---

Industrial Holding['s], and Greif['s] initial disclosures should be deemed evasive or incomplete if policies were withheld solely based on unilateral coverage determinations by defense counsel or their insurers." *Id.* at 12.

6

542, 552 (2010)). The presumption of reasonableness is "strong[,]" and the lodestar may only be adjusted in "rare and exceptional circumstances." *Perdue*, 559 U.S. at 552–53 (internal quotation marks and citations omitted).

Greif requests hourly rates of $285 for Attorneys Steven Nonkes and Brian Mahoney. It submits Attorney Nonkes's declaration reciting his and Attorney Mahoney's qualifications and experience in support of the requested hourly rate.

"The reasonable hourly rate is the rate a paying client would be willing to pay[,] . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190; *accord Perdue*, 559 U.S. at 552 ("[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case."). In determining the hourly rate a reasonable client would be willing to pay, the court must consider case-specific variables, including:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Arbor Hill*, 522 F.3d at 184.

As the Second Circuit has observed, "attorney's fees are to be awarded with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees." *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 266 (2d Cir. 2014) (internal quotation marks and citation omitted).

Attorney Nonkes is a member of Harris Beach PLLC in Rochester, New York. He is a 2009 graduate of Cornell Law School and has been practicing law for thirteen years. He has experience litigating complex cases in federal court, and his hourly rate of $285 "represents a discount of $230 per hour from [his] standard billing rate." (Doc. 376-1 at

2, ¶ 8.) Attorney Mahoney is a partner at Lippes Mathias LLP in Buffalo, New York. He is a 1988 graduate of the University of Buffalo Law School and has been practicing law for thirty-five years. He charged $285 per hour, which "represents a discount of $240 per hour from his standard billing rate." *Id.* at 3, ¶ 9.

The requested hourly rates are reasonable in the Western District of New York. *See Capax Discovery, Inc. v. AEP RSD Invs., LLC*, 2023 WL 140528, at *6 (W.D.N.Y. Jan. 10, 2023) ("In the Western District, $400-$500 per hour is generally deemed a reasonable hourly rate for experienced trial counsel."); *Busrel Inc v. Dotton*, 2022 WL 17075707, at *2 (W.D.N.Y. Nov. 18, 2022) (reducing hourly rate for partners from $825 to $450); *New York v. Grand River Enters. Six Nations, Ltd.*, 2021 WL 4958653, at *4 (W.D.N.Y. Oct. 26, 2021) (finding $500 a reasonable hourly rate for Senior Enforcement Counsel at the New York State Attorney General's Office with more than twenty years of experience); *Am. Auto. Ass'n, Inc. v. AAA Logistics, Inc.*, 2019 WL 1349283, at *6 (W.D.N.Y. Mar. 26, 2019) (reducing out-of-district partner's rate of $1,000 an hour to $500 in intellectual property case); *DIRECTV, LLC v. Wright*, 2020 WL 289156, at *2 (W.D.N.Y. Jan. 21, 2020) (finding hourly rates of $385–$490 reasonable for attorneys with fifteen to thirty-two years of experience).

Greif's hours spent opposing Plaintiffs' motion to compel and for sanctions are supported by contemporaneous billing records. *See* Doc. 376-3 and Doc. 376-4. To determine whether the number of hours is reasonable, the contemporaneous time records must "specify, for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The relevant question is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). "Hours that are excessive, redundant, or otherwise unnecessary[] are to be excluded; and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application[.]" *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks and citations omitted).

Plaintiffs oppose six of Attorney Nonkes's entries as excessive and overinclusive, noting that Attorney Nonkes billed 3.1 hours and charged $883.50 on December 13, 2022 when he reviewed Crown's draft opposition to Plaintiffs' motion to compel. As Plaintiffs point out, it is impossible to discover "which portion of this time entry was spent supporting co-Defendant Crown and reviewing its opposition versus efforts reasonably taken in opposition to the motion against Greif," and thus "this fee cannot fairly be granted in full." (Doc. 377 at 5.) For that reason, Plaintiffs request that the court award no more than half of the requested amount for this entry.

The December 13, 2022 entry provides:

> Reviewing co-defendant Crown Beverage's draft opposition to plaintiffs' motion to compel insurance disclosures; [Redacted for Defense Strategy]; research on Rule 26 disclosure requirements, Rule 37 requirements, Local Rule 7 meet and confer requirement, award of fees for successfully opposing a motion to compel, for opposition to plaintiffs' motion to compel.

(Doc. 376-3 at 4.) The court agrees that Greif should not be awarded fees related to its review of its co-Defendant's filings. It further agrees it is impossible to segregate out those fees that pertain to Greif's own motion. The court therefore reduces Greif's fee award by $883.50.

Plaintiffs oppose 0.6 hours billed by Attorney Nonkes on December 2, 2022, totaling $171.00, for time spent "[r]eviewing plaintiffs' motion to compel insurance disclosures from defendants" on the basis that "it is a typical requirement of all counsel who make[] an appearance in such matters to review all filings[.]" (Doc. 377 at 5.)[3] Greif argues that "counsel's review of [Plaintiffs'] motion papers could have been even more efficient had [Plaintiffs] not included Greif." (Doc. 378 at 8.) As Plaintiffs' filing included Greif, it was reasonable for Greif to review it.

Finally, Plaintiffs oppose entries made on December 5, 12, 13, and 15, 2022 that "reference without explanation an unknown time for 'defensive strategy[,]'" on the basis

---

[3] The December 2, 2022 entry states: "Reviewing plaintiffs' motion to compel insurance disclosures from defendants." (Doc. 376-3 at 2.)

9

that this phrase "leave[s] an unreasonable degree of uncertainty" as to time spent actually opposing the motion as opposed to "other issues or the case more generally." (Doc. 377 at 5.) Plaintiffs request that the court reduce any award for December 12 and December 15 by half.[4] The entries in question are were redacted and "Defense Strategy" is inserted instead of case-specific tasks. *See* Doc. 376-3 at 2, 5. Without more, the court cannot find they pertain to the pending motion and therefore grants Plaintiffs' request and reduces the award by $584.25. The court finds no further reductions from the requested fees are warranted.

## CONCLUSION

For the foregoing reasons, Greif's motion for attorneys' fees is GRANTED IN PART AND DENIED IN PART. (Doc. 376.) The court hereby ORDERS Plaintiffs to pay $6,512.25 within thirty-five (35) days of this Order.

SO ORDERED.

Dated this 20th day of July, 2023.

Christina Reiss, District Judge
United States District Court

---

[4] The December 12 entry was for $769.50, while the December 15 entry was for $399.00. Together, these entries are $1,168.50. Half of that amount is $584.25, not $583.75, the amount of reduction Plaintiffs request.