UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ELIZABETH ANDRES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-00377-CCR |
| | ) | |
| TOWN OF WHEATFIELD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| --------------------------------------------------- | ) | |
| ALICIA BELLAFAIRE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-00560-CCR |
| | ) | |
| TOWN OF WHEATFIELD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| --------------------------------------------------- | ) | |
| THEODORE WIRTH, III, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-01486-CCR |
| | ) | |
| TOWN OF WHEATFIELD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ORDER GRANTING PLAINTIFFS' MOTIONS FOR
EXTENSION OF TIME TO SUBSTITUTE PARTY, AND
DENYING DEFENDANTS' MOTIONS TO DISMISS**
(Docs. 441, 442, 443, 444, 481, & 482)

Plaintiffs are current or previous owners or renters of residential properties in

North Tonawanda, New York, and the surrounding area, who have lived in that area for

at least one year (collectively, "Plaintiffs"). They seek to bring a class action suit against the Town of Wheatfield (the "Town"); Crown Beverage Packaging, LLC; Greif, Inc.; Republic Services, Inc.; and Industrial Holdings Corporation (collectively, "Defendants") arising out of Plaintiffs' alleged exposure to toxic substances emanating from the Town's Nash Road landfill (the "Site").

Pending before the court is Plaintiffs' motions to extend time to substitute Plaintiffs Charlee Clark, (Doc. 441), Joseph E. Clark, (Doc. 442), Carole Keefe, (Doc. 443), and John Keefe, (Doc. 444), and Defendants' cross-motions to dismiss Plaintiffs Charlee Clark and Joseph Clark (the "Clarks"), (Doc. 481), and Plaintiffs Carole Keefe and John Keefe (the "Keefes") (Doc. 482).[1] Plaintiffs opposed Defendants' cross-motions to dismiss on December 19, 2023, (Doc. 489), and Defendants replied on December 22, 2023, (Docs. 490 & 491), at which point the court took the motions under advisement.

Plaintiffs are represented by Lilia Factor, Esq., Nevin Wisnoski, Esq., Ashley M. Liuzza, Esq., Christen Civiletto, Esq., Louise R. Caro, Esq., Michael G. Stag, Esq., Paul J. Napoli, Esq., and Tate James Kunkle, Esq. The Town is represented by Charles D. Grieco, Esq., Dennis K. Schaeffer, Esq., Julia Anne O'Sullivan Poarch, Esq., Kathleen H. McGraw, Esq., Matthew E. Brooks, Esq., and Scott M. Philbin, Esq. Crown Beverage Packaging, LLC, is represented by John J. Weinholtz, Esq., Laurie Styka Bloom, Esq., Zachary C. Osinski, Esq., and J. William Codhina, Esq. Greif, Inc., is represented by Brian Clinton Mahoney, Esq., Kirstie Alexandra Means, Esq., Richard T. Sullivan, Esq., and Steven Paul Nonkes, Esq. Republic Services, Inc., is represented by Steven C. Russo, Esq., and Zackary Knaub, Esq. Industrial Holdings Corporation is represented by Carol Guck Snider, Esq., Kevin D. Szczepanski, Esq., Timothy Coughlan, Esq., Yvonne E. Hennessey, Esq., and Andrew J. Carroll, Esq.

## I.    Factual and Procedural Background.

On July 28, 2022, Plaintiffs served supplemental initial disclosures on Defendants pursuant to Fed. R. Civ. P. 26(a)(1), which included an attached spreadsheet providing

---

[1] Industrial Holdings Corporation does not take a position on Plaintiffs' motions to extend time or Defendants' cross-motions to dismiss.

2

"information and estimates of past out-of-pocket medical expenses and past lost wages experienced to date." (Doc. 341-6 at 3.) The spreadsheet indicated six Plaintiffs were deceased: Joseph E. Clark, Joan Corrigan, John Keefe, Scott Schultz, Karen Skupien, and Donald Zatkos. On September 9, 2022, Defendants filed the same spreadsheet as part of a motion to hold Plaintiffs in contempt for failing to make complete initial damages disclosures. On October 14, 2022, Plaintiffs filed it as an attachment to their memorandum in opposition to Defendants' motion.

In December of 2022, in seeking an extension of time to file Case Management Affidavits, Plaintiffs argued, among other things, that they needed more time because the "deaths of some Plaintiffs have made it difficult (and for some impossible) to complete the Case Management Affidavits by the current deadline[,]" including the deaths of the Clarks and the Keefes. (Doc. 369 at 3.)

Defendants filed a joint motion to dismiss the claims of ten Plaintiffs pursuant to Fed. R. Civ. P. 25(a)(1) on June 1, 2023, including the claims of the Clarks and the Keefes (Doc. 421). Plaintiffs opposed the motion to dismiss on June 15, 2023, (Doc. 424) and Defendants filed their reply on June 22, 2023 (Doc. 425).

On August 22, 2023, Plaintiffs filed the pending motions to extend time to substitute the Clarks and the Keefes with legal successors to represent their respective estates. They requested an extension of 180 days from August 30, 2023, arguing that time was needed for "probate and real[]estate related legal work, which in New York state, take a significant period to complete due in no fault to Plaintiffs[,]" (Doc. 441-1 at 2, ¶ 4, Doc. 442-1 at 2, ¶ 4, Doc. 443-1 at 2, ¶ 4, & Doc. 444-1 at 2, ¶ 4), to be completed before the proper substitutions could take place.

On October 5, 2023, the court granted the parties' stipulated motion to extend Defendants' deadline to answer or otherwise respond to Plaintiffs' motions to extend time to substitute until thirty days following the court's issuance of a decision with respect to Defendants' Rule 25(a)(1) motion to dismiss (Doc. 463). Thereafter, the court denied Defendants' motion to dismiss pursuant to Rule 25(a)(1), (Doc. 476), concluding that statements noting the deaths of certain Plaintiffs had not been filed until June 22, 2023,

3

and the ninety-day window for filing a motion to substitute any of the ten Plaintiffs addressed in that motion, including the Clarks and the Keefes, began on that date.

On December 5, 2023, Defendants opposed Plaintiffs' motions to substitute and cross-moved to dismiss the Clarks' and the Keefes' claims, arguing Plaintiffs have not identified good cause to request an extension of time to substitute and, in the absence of an extension of time, dismissal is required because any motion to substitute would be untimely. As Defendants point out, the New York State Surrogate's Court docket indicates administrators were appointed for the Keefes' estates in July 2023, and no estate administration proceedings have commenced for the Clarks even though Plaintiffs have known the Clarks were deceased since at least December 2022. Due to the lack of substitutions, the Clarks and the Keefes have not filed Case Management Affidavits. Defendants ask the court to dismiss the Clarks' and the Keefes' claims or require Plaintiffs to explain why their lack of diligence should be excused.

In response, Plaintiffs proffer that Jennifer Page, the putative fiduciary of the Clarks' estates, did not receive necessary waivers from family members until December 2023 and that Ms. Page intends to pursue letters and administration to complete substitution diligently. Plaintiffs assert that although the fiduciary, Lauren Olewnik, for the Keefes' estates received voluntary administration in summer 2023, this legal status is not sufficiently formal to allow her to act as a legal representative in a personal injury litigation. In August 2023, Ms. Olewnik began pursuing formal administration when advised of the need for a different legal status.

Defendants counter that Plaintiffs' lack of diligence has caused undue delay and that Plaintiffs have failed to identify a date-certain by which substitution could be achieved. They point out that, in light of the 2020 and 2022 deaths of these Plaintiffs, Plaintiffs have had ample time to encourage the families to pursue formal administration in order to facilitate substitution.

Plaintiffs moved to substitute Ms. Page, as fiduciary of the Clarks' estates, as Plaintiff on January 29, 2024 (Docs. 506 & 507).

## II.     Conclusions of Law and Analysis.

### A.     Whether to Extend Time for Plaintiffs to Move for Substitution for the Clarks and the Keefes.

Fed. R. Civ. P. 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within [ninety] days after service of a statement noting the death, the action by or against the decedent must be dismissed.

"A statement noting death must be served [on the parties as provided in Rule 5 and on nonparties as provided in Rule 4]." Fed. R. Civ. P. 25(a)(3).

The Second Circuit has observed that "the [ninety-]day period was not intended to act as a bar to otherwise meritorious actions." *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966); *see also Galeas v. Houslanger & Assocs, PLLC*, 2021 WL 2843214, at *2 (E.D.N.Y. June 21, 2021) ("[T]he Advisory Committee on the 1963 amendments to Fed. R. Civ. P. 25 intended that motions to substitute be freely granted.") (internal quotation marks and citations omitted). Instead, "Rule 25(a)(1) is designed to prevent a situation in which a case is dismissed because a party never learned of the death of an opposing party." *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469-70 (2d Cir. 1998). Where there is "an inability or a significant difficulty in identifying [a party's] legal representative or successor, a motion c[an] be brought under Rule 6(b) to enlarge the time in which to file the motion for substitution." *Id.* at 470.

Pursuant to Fed. R. Civ. P. 6(b)(1), the court may extend the time to respond to a motion for "good cause" if: (A) the court acts or if a request is made before the time to respond expires, or (B) "on motion made after the time has expired if the party failed to act because of excusable neglect." The Second Circuit has "described 'good cause' in the context of Rule 6(b)(1) as a non-rigorous standard[.]" *Alexander v. Saul*, 5 F.4th 139, 154 (2d Cir. 2021) (internal quotation marks and citations omitted). When deciding whether to extend time to move for substitution, the court "is mindful of the underlying purpose of Rule 25(a)(1) which is to allow flexibility in substitution." *Kernisant v. City of N.Y.*, 225

F.R.D. 422, 428 (E.D.N.Y. 2005) (quoting *Kasting v. Am. Fam. Mut. Ins. Co.*, 196 F.R.D. 595, 601 (D. Kan. 2000)).

Although Plaintiffs did not move for substitution within the ninety-day window, they moved for an extension of time within the ninety-day window, and their requests for an extension of time were therefore timely. Fed. R. Civ. P. 6(b)(1). Generally, "difficulty in appointing an administrator could warrant an extension of time under Rule 6(b) where there is a prompt application for such an appointment." *Kernisant*, 225 F.R.D. at 428 (internal quotation marks and emphasis omitted) (quoting *Kasting*, 196 F.R.D. at 602). The Clarks' putative administrator experienced difficulties obtaining waivers necessary for her appointment, and the Keefes' putative administrator initially obtained a legal status insufficient for proceeding with the present litigation and has since taken steps to rectify this error.

With the purpose of flexibility underlying Rule 25(a)(1) and the "non-rigorous standard" for "good cause" in mind, *Alexander*, 5 F.4th at 154 (internal quotation marks and citations omitted), the difficulties in appointing administrators here suffice to demonstrate good cause for an extension of time to substitute. *See Saylor v. Bastedo*, 623 F.2d 230, 237 (2d Cir. 1980) ("Rights of defendants to protection against undue delay are safeguarded by [Fed. R. Civ. P.] 41(b); they do not merit further enlargement on the fortuitous death of a plaintiff and the consequent need of substitution under [Fed. R. Civ. P.] 25(a)(1)."). The court therefore GRANTS Plaintiffs' motions for an extension of time. Plaintiffs shall file motions to substitute the Keefes by March 22, 2024, or the claims of the Keefes shall be dismissed. Plaintiffs are warned that further continuances are unlikely to be granted. Because the court grants Plaintiffs' motions, Defendants' motions to dismiss are DENIED WITHOUT PREJUDICE.

## CONCLUSION

For the reasons stated above, Plaintiffs' motions for an extension of time are GRANTED, (Docs. 441, 442, 443, & 444), and Defendants' motions to dismiss are DENIED, (Docs. 481 & 482). Plaintiffs shall file motions to substitute the Keefes by March 22, 2024, or the claims of the Keefes shall be dismissed.

SO ORDERED.

Dated this 26th day of February, 2024.

Christina Reiss, District Judge
United States District Court