UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ELIZABETH ANDRES, *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 1:17-cv-00377-CCR |
| TOWN OF WHEATFIELD, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| ALICIA BELLAFAIRE, *et al.*, | ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 1:18-cv-00560-CCR |
| TOWN OF WHEATFIELD, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| THEODORE WIRTH, III, *et al.*, | ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 1:18-cv-01486-CCR |
| TOWN OF WHEATFIELD, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' CONSOLIDATED MOTIONS FOR SUMMARY JUDGMENT**
(Docs. 394, 404, & 420)

Plaintiffs are current or previous owners or renters of residential properties in North Tonawanda, New York, and the surrounding area who have lived in that area for at least one year (collectively, "Plaintiffs"). They seek to bring a class action suit against the

Town of Wheatfield (the "Town"); Crown Beverage Packaging, LLC; Greif, Inc.; Republic Services, Inc.; and Industrial Holdings Corporation (collectively, "Defendants") arising out of Plaintiffs' alleged exposure to toxic substances emanating from the Town's Nash Road landfill (the "Site").

Pending before the court are Defendants' joint motions for summary judgment as to 158 Plaintiffs, (Doc. 394), as to the personal injury claims of eighty-six Plaintiffs, (Doc. 404), and as to three groups of Plaintiffs, (Doc. 420). On July 7, 2023, Plaintiffs opposed the motions for summary judgment, (Doc. 428), and Defendants replied on August 4, 2023 (Doc. 436). On August 24, 2023, the court held a hearing on the pending motions and took them under advisement.

Plaintiffs are represented by Lilia Factor, Esq., Nevin Wisnoski, Esq., Ashley M. Liuzza, Esq., Christen Civiletto, Esq., Louise R. Caro, Esq., Michael G. Stag, Esq., Paul J. Napoli, Esq., and Tate James Kunkle, Esq. The Town is represented by Charles D. Grieco, Esq., Dennis K. Schaeffer, Esq., Julia Anne O'Sullivan Poarch, Esq., Kathleen H. McGraw, Esq., Matthew E. Brooks, Esq., and Scott M. Philbin, Esq. Crown Beverage Packaging, LLC, is represented by John J. Weinholtz, Esq., Laurie Styka Bloom, Esq., Zachary C. Osinski, Esq., and J. William Codinha, Esq. Greif, Inc., is represented by Brian Clinton Mahoney, Esq., Kirstie Alexandra Means, Esq., Richard T. Sullivan, Esq., and Steven Paul Nonkes, Esq. Republic Services, Inc., is represented by Steven C. Russo, Esq., and Zackary Knaub, Esq. Industrial Holdings Corporation is represented by Carol Guck Snider, Esq., Kevin D. Szczepanski, Esq., Timothy Coughlan, Esq., Yvonne E. Hennessey, Esq., and Andrew J. Carroll, Esq.

## I.   Procedural History.

On March 26, 2017, Plaintiffs filed this action[1] in New York state court. On May 3, 2017, the lawsuit was removed to federal court. Plaintiffs filed their Third Amended Complaint ("TAC") on April 2, 2020.

---

[1] The court provides the procedural history of the lead case in this action, *Andres*, but this Opinion and Order applies to all three cases in this consolidated action.

In the TAC, Plaintiffs assert the following claims: response costs incurred or to be incurred by Plaintiffs in connection with the Site pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") (Count One); declaratory relief as to future costs under Section 113(g)(2) of CERCLA (Count Two); the Town's violation of Plaintiffs' substantive due process rights for a state-created danger pursuant to 42 U.S.C. § 1983 (Count Three); the Town's violation of Plaintiffs' substantive due process rights to bodily integrity pursuant to 42 U.S.C. § 1983 (Count Four); state law negligence against the Town (Count Five); state law strict liability against all Defendants (Count Six); and state law trespass against the Town (Count Seven).[2]

On December 3, 2021, Defendants filed a joint motion for a *Lone Pine* order, which Plaintiffs opposed. Following a hearing on June 28, 2022, the court granted in part and denied in part Defendants' motion for a *Lone Pine* order on August 11, 2022. The court entered a modified *Lone Pine* order, requiring each Plaintiff to provide an affidavit that certified his or her claims under the penalties of perjury (a "Case Management Affidavit"). Although formal discovery had not commenced, the court observed that causation would be a central contested issue in the case. The purpose of requiring Plaintiffs to file Case Management Affidavits was to streamline discovery in light of the number of Plaintiffs, the varied nature of their alleged injuries, and the alternative theories of causation.

After receiving input from the parties on draft forms for the Case Management Affidavit, the court issued its final Case Management Affidavit on August 30, 2022, and provided each Plaintiff with 120 days to complete and serve a Case Management Affidavit. The deadline was later extended to February 13, 2023.

The Case Management Affidavit requires each Plaintiff with personal injury claims to identify each alleged condition, whether they have consulted a medical professional regarding the alleged condition, whether they have received a medical

---

[2] The court dismissed the strict liability claims against Industrial Holdings Corporation on December 30, 2020.

3

diagnosis or treatment for the alleged condition, and whether they have received an opinion from at least one medical profession regarding "the cause" of the alleged condition. (Doc. 336 at 3) (emphasis omitted). It also requires each Plaintiff to state whether they are bringing a property damage claim and, if so, whether they are the current owner of the affected property.

On April 6, 2023, the court entered a Modified Discovery Order, which provides, in pertinent part, that each Plaintiff's personal injury and property damages claims shall be limited to those claimed in their respective Case Management Affidavit and that each Plaintiff shall be precluded from raising any new claim or injury not identified in their Case Management Affidavit absent leave of the court. The Modified Discovery Order permits Defendants to move for summary judgment based on the information in Plaintiffs' Case Management Affidavits. It, however, does not set a deadline for expert witness disclosures. As a result of the Case Management Affidavits, seventy-two Plaintiffs who declined to filed affidavits were dismissed by stipulation on May 11, 2023.

## II. Undisputed Facts.

Since the court's modified *Lone Pine* order, 247 Plaintiffs filed Case Management Affidavits indicating they had not received a medical opinion on the cause of any of their alleged conditions.[3] Seven Plaintiffs filed Case Management Affidavits indicating they had not received a medical opinion on the cause of certain alleged conditions but had received a medical opinion on the cause of at least one alleged condition. One Plaintiff filed a Case Management Affidavit failing to indicate whether he received a medical opinion for one alleged condition and indicating he had not received a medical opinion on the cause of the remainder of his alleged conditions.

Plaintiff A.K.'s Case Management Affidavit asserts he received a verbal medical opinion that his hearing loss, speech impairment, dental issues, and skin issues were likely caused by his chemotherapy for his neuroblastoma. Plaintiff S.R.'s Case Management Affidavit asserts he received a verbal medical opinion that his vision

---

[3] *See* Doc. 394-2 at 5 (listing 158 Plaintiffs); Doc. 404-1 at 9 (listing eighty-six Plaintiffs); Doc. 420-18 at 6 (listing three Plaintiffs).

4

problems and dental issues were likely caused by his chemotherapy for his neuroblastoma. Plaintiff A.K.'s and Plaintiff S.R.'s Case Management Affidavits indicate neither has received a medical opinion on the cause of their neuroblastoma. Plaintiff Amylea Carson's Case Management Affidavit states she received a verbal medical opinion regarding the cause of her headaches and numbness, however, the medical opinion received only ruled out certain potential causes unrelated to the allegedly toxic substances at the Site.

Plaintiffs Glen and Karrie Gebhardt indicate they received medical opinions on the cause of their infertility, however, their Case Management Affidavits assert these opinions were neither written nor verbal. They state: "Unexplained. We were both told we should be able to conceive." (Doc. 420-7 at 5 & Doc. 420-8 at 7) (emphasis omitted). Plaintiff Reanna Richner's Case Management Affidavit asserts a medical professional stated her lymphedema was likely a result of radiation treatment for her thyroid cancer, however, she does not have a medical opinion regarding the cause of her thyroid cancer. Plaintiff Jamie Herman's Case Management Affidavit states she received a verbal medical opinion that her pericarditis was possibly caused by sepsis episodes but does not provide a medical opinion the sepsis episodes were substantially caused by exposure to allegedly toxic substances at the Site.

Plaintiffs Betty Neumann, Jodee Riordan, and John Roeser filed Case Management Affidavits stating they do not currently own the properties for which they claim damages. These three Plaintiffs are also part of the group of 247 Plaintiffs without a medical opinion on the cause of their alleged conditions underlying their personal injury claims.

Defendants seek summary judgment in their favor on the personal injury claims of all 255 Plaintiffs, arguing their Case Management Affidavits indicate they do not have evidence to establish general or specific causation, essential elements of their claims. Defendants also request the court grant summary judgment on the property claims of three Plaintiffs whose Case Management Affidavits indicate they no longer own the property for which they claim damages, because they need an interest in the property to

5

prevail on their claims. *See Wheeler v. Del Duca*, 58 N.Y.S.3d 409, 411 (App. Div. 2017) ("A trespass cause of action may only be maintained by one entitled to possess the subject property.").

Defendants divide Plaintiffs into several categories: 158 Plaintiffs who bring only personal injury claims and whose Case Management Affidavits indicate they have not received a medical opinion regarding the cause of their alleged conditions, eighty-six Plaintiffs who bring personal injury and property damage claims and whose Case Management Affidavits indicate they have not received a medical opinion regarding the cause of their alleged conditions, four Plaintiffs who bring only personal injury claims and whose Case Management Affidavits indicate they have received a medical opinion regarding the cause of at least one of their alleged conditions but that opinion does not link the alleged condition to the substances at the Site,[4] four Plaintiffs who bring personal injury and property damage claims and whose Case Management Affidavits indicate they have received a medical opinion regarding the cause of at least one of their alleged conditions but that opinion does not state the alleged condition was substantially caused by the allegedly toxic substances at the Site, and three Plaintiffs whose Case Management Affidavits indicate they have not received a medical opinion regarding the cause of their alleged conditions and they do not own the properties for which they claim damages.

Defendants' statements of undisputed material facts identify each Plaintiff against whom they seek summary judgment; Plaintiffs' claim(s); their alleged condition(s), if any; whether they have at least one medical opinion regarding the cause of their alleged conditions(s); whether they are claiming property damages; and whether they own the property for which they are claiming damages.

In an affidavit submitted with their opposition, Plaintiffs state, "[e]xcept where specifically indicated, Plaintiffs do not contest the facts set out by Defendants in their

---

[4] Defendants include Plaintiff William Forth, who failed to indicate whether he had a medical opinion on the cause of one of his alleged conditions but affirmatively indicated he did not have a medical opinion on the cause of the remainder of his alleged conditions, in this category.

Statement." (Doc. 428-1 at 2.)[5] They explain that they attached several "[s]tatement[s] of [m]aterial [f]acts[,]" which list Plaintiffs' alleged conditions. *Id.* They do not contest Defendants' assertion that they currently lack expert witness testimony or reports on specific causation for all conditions alleged therein. Plaintiffs further acknowledge they lack expert witness testimony or reports regarding general causation for certain alleged conditions.[6] Plaintiffs proffer that these conditions require further discovery to develop expert witness reports on general causation.

In addition, Plaintiffs filed three "preliminary" expert witness reports relevant to general causation: the report of Marco Kaltofen, PhD, PE, opining that residents and visitors to the area around the Site were exposed to toxic chemical compounds; the report of Kenneth Spaeth, MD, MPH, MOEH, detailing the scientific methodology for assessing health risks posed by the hazardous substances at the Site, the evidence of the health risks posed by these hazardous substances, the quantities of hazardous substances needed to establish specific causation for a respective Plaintiff's alleged conditions, and an explanation as to why Plaintiffs' treating physicians did not analyze specific causation for their alleged conditions; and the report of Richard Troast, PhD, opining on potential health hazards from allegedly toxic substances at the Site. *Id.* at 3. Dr. Kaltofen's report is unsigned, however, the reports of Dr. Spaeth and Dr. Troast are signed. Plaintiffs also filed a document prepared by counsel summarizing the conclusions from the preceding reports regarding general causation.

### III. Conclusions of Law and Analysis.

#### A. Standard of Review.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one that "'might affect the outcome of the suit under the

---

[5] Plaintiffs contend Defendants are incorrect in asserting that Plaintiff Todd Carson did not assert a property damage claim in the TAC. (Doc. 428-3 at 5.)

[6] Plaintiffs have indicated these conditions by striking through them. Plaintiffs represent they will dismiss their claims based on these conditions if expert witness testimony as to general and specific causation is not forthcoming. (Doc. 428-1 at 2.)

governing law[,]'" *Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 39 (2d Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)), while "[a] dispute of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* at 39-40 (quoting *Anderson*, 477 U.S. at 248). On a motion for summary judgment, the court "constru[es] the evidence in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in his favor." *McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then 'summary judgment must be denied *even if no opposing evidentiary matter is presented*.'" *Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (emphasis in original) (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)). When the moving party has carried its burden, its opponent must produce "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "A non-moving party cannot avoid summary judgment simply by asserting a 'metaphysical doubt as to the material facts.'" *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d Cir. 2005) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

In adjudicating a motion for summary judgment, the district court's role "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010) (citation omitted). If the evidence "presents a sufficient disagreement to require submission to a jury[,]" the court should deny summary judgment. *Anderson*, 477 U.S. at 251-52. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017) (internal quotation marks omitted). Not all

disputed issues of fact, however, preclude summary judgment. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### B. Whether the Court Should Grant Summary Judgment on Property Damage Claims Where Plaintiffs Do Not Own the Property.

For Plaintiffs, Betty Neumann, Jodee Riordan, and John Roeser, who no longer own the property for which they asserted property damage claims, Defendants argue summary judgment is appropriate because a plaintiff must have a legally cognizable interest in the property at issue to pursue a property damage claim under New York law. *See Wheeler*, 58 N.Y.S.3d at 411 ("A trespass cause of action may only be maintained by one entitled to possess the subject property."). Plaintiffs agree and indicate these Case Management Affidavits will be amended to remove the property damage claims. The court therefore GRANTS Defendants' motion for summary judgment as to the property damages claims of Plaintiffs Neumann, Riordan, and Roeser.

### C. Whether to Consider Plaintiffs' Affidavits and Statements of Material Facts for Purposes of Deciding Defendants' Motions for Summary Judgment.

Defendants argue Plaintiffs' responses to Defendants' statements of undisputed material facts failed to comply with the Federal Rules of Civil Procedure and the Local Rules because Plaintiffs did not respond to each numbered paragraph. Defendants therefore request the court deem their statements of undisputed material facts admitted. *See* Fed. R. Civ. P. 56(e)(2) (stating if a party "fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion[]"); *see also Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.").

Defendants further contend Plaintiffs' counsel's affidavit cannot provide a basis to oppose summary judgment and Plaintiffs' preliminary expert witness reports on general causation do not satisfy the requirements of Fed. R. Evid. 702. *See* Fed. R. Evid. 702(b) (requiring, among other things, expert witness testimony to be "based on sufficient facts

9

or data[]"); Fed. R. Civ. P. 26(a)(2) (requiring disclosure of expert witness testimony, "accompanied by a written report" that is "prepared and signed by the witness").

Under Fed. R. Civ. P. 56(c)(1), "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion" with citations to the record. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Declarations that are not based on personal knowledge or that contain inadmissible hearsay or conclusory statements do not "create a genuine issue for trial." *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004).

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

Pursuant to Western District of New York Local Rule 56, a party moving for summary judgment must file "a separate, short, and concise statement, in numbered paragraphs, of material facts as to which the moving party contends there is no genuine issue to be tried[,]" including "citation to admissible evidence or to evidence that can be presented in admissible form at trial[.]" Loc. R. Civ. P. 56(a)(1). "Each numbered paragraph in the moving party's statement of material facts may be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Loc. R. Civ. P. 56(a)(2). A nonmoving party may also include "additional paragraphs containing a short and concise statement of additional material facts as to which it is contended there exists a genuine issue to be tried." *Id.*

Failure to comply with the Federal Rules of Civil Procedure and the Local Rules results in Defendants' statements of undisputed material facts being admitted. *See Glazer*

*v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992) ("When a party has moved for summary judgment . . . and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party."); *Lester v. M&M Knopf Auto Parts*, 2006 WL 2806465, at *2 (W.D.N.Y. Sept. 28, 2006) ("In light of [the] [p]laintiff's express failure to properly controvert [the] [d]efendant['s] statement of facts, this [c]ourt will deem those factual assertions admitted to the extent they are supported by the record evidence.").

### D. Whether Defendants Are Entitled to Summary Judgment on Plaintiffs' Personal Injury Claims Because Plaintiffs Lack Evidence of Causation.

Defendants argue that certain Plaintiffs admitted in their Case Management Affidavits that they have no evidence of causation as to their alleged conditions and the absence of any evidence of causation is fatal to their claims.[7] They also assert that the causation opinions included for certain alleged conditions in seven Plaintiffs' Case Management Affidavits are insufficient to establish causation under New York law.

Plaintiffs concede they currently lack evidence necessary to establish proximate causation for certain alleged conditions, however, they argue that Defendants have failed to establish an absence of a question of material fact. "[W]hen a defendant moves for summary judgment, it is the defendant who must show entitlement to judgment, notwithstanding that, at trial, the plaintiff will have the burden of proving every element of its claim." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 115 (2d Cir. 2017).

In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the Court recognized that a moving party may support its summary judgment motion "with affidavits or other similar materials *negating* the opponent's claim[,]" *id.* at 323 (emphasis in original), or by

---

[7] *See Nemeth v. Brenntag N. Am.*, 194 N.E.3d 266, 270 (N.Y. 2022) (holding plaintiff must establish proximate causation in toxic tort cases under New York law); *see also Riegel v. Medtronic, Inc.*, 451 F.3d 104, 127 (2d Cir. 2006), *aff'd*, 552 U.S. 312 (2008) (explaining district court should "determine the admissibility of scientific evidence[,]" then "rely only on admissible evidence in ruling on summary judgment[]").

11

demonstrating "that there is an absence of evidence to support the nonmoving party's case[,]" *id.* at 325. Where the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,]" summary judgment is appropriate because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23.

> A moving defendant's mere assertion that a plaintiff "has not produced" evidence that could prove its claim fails to show that the plaintiff lacks the necessary evidence, unless defendant also shows that plaintiff was obligated by discovery demand or court order to produce the evidence or that he voluntarily undertook to make the showing.

*Nick's Garage, Inc.*, 875 F.3d at 115.

To establish proximate cause in a toxic tort case, a plaintiff must prove "a plaintiff's exposure to a toxin, that the toxin is capable of causing the particular illness (general causation) and that [the] plaintiff was exposed to sufficient levels of the toxin to cause the illness (specific causation)." *Nemeth v. Brenntag N. Am.*, 194 N.E.3d 266, 270 (N.Y. 2022) (internal quotation marks and citation omitted). Under New York law, proximate cause "is a substantial cause of the events which produced the injury." *Dooley v. United States*, 83 F.4th 156, 162 (2d Cir. 2023) (quoting *Mazella v. Beals*, 57 N.E.3d 1083, 1090 (N.Y. 2016)). For their state law claims, "in strict liability, as well as in negligence, defendants' activity must have been the proximate cause of the harm suffered." *Doundoulakis v. Town of Hempstead*, 368 N.E.2d 24, 30 (N.Y. 1977).

"Under New York law, when the determination of whether an illness or injury was caused by some event or conduct is 'presumed not to be within common knowledge and experience,' a plaintiff must produce expert opinion evidence 'based on suitable hypotheses' in order to support a finding of causation." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 137 F. Supp. 2d 147, 160 (E.D.N.Y. 2001), *aff'd*, 303 F.3d 256 (2d Cir. 2002) (quoting *Meiselman v. Crown Heights Hosp.*, 34 N.E.2d 367, 370 (N.Y. 1941)); *see also Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004) ("In a case such as

this, where an injury has multiple potential etiologies, expert testimony is necessary to establish causation[.]").

Summary judgment is appropriate where a plaintiff lacks "any expert evidence as to general causation" and there is "a gap in [the] plaintiffs' case with respect to [their]. . . exposure" to the allegedly toxic substances. *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 271 (2d Cir. 2002); *see also In re N.Y.C. Asbestos Litig.*, 116 N.E.3d 75, 75 (N.Y. 2018) (affirming grant of judgment as a matter of law in favor of defendant where "the evidence was insufficient as a matter of law to establish that [defendant's] conduct was a proximate cause of the decedent's injuries").

Although some Plaintiffs have medical opinions regarding the cause of their alleged conditions, these opinions do not purport to establish a causal connection between a hazardous substance at the Site and those conditions. *See Anderson*, 477 U.S. at 249 (explaining summary judgment may be granted where evidence in favor of nonmovant is "merely colorable, or is not significantly probative[]"). Nor do Plaintiffs cite admissible evidence that they were exposed to sufficient levels of the allegedly toxic substances at the Site to cause their medical conditions. *See Nick's Garage, Inc.*, 875 F.3d at 115 (stating summary judgment may be granted based on "an admission in the record of the limited extent of [a nonmoving party's] evidence"). On this basis, summary judgment should generally be granted. *See Celotex Corp.*, 477 U.S. at 328.

### E. Whether the Court Should Provide Plaintiffs with an Opportunity to Engage in Additional Discovery Pursuant to Fed. R. Civ. P. 56(d).

Relying upon Fed. R. Civ. P. 56(d), Plaintiffs seek to avoid summary judgment and conduct additional discovery based in part on discovery they have served on Defendants. Defendants argue that Plaintiffs have not identified specific additional discovery that will establish causation.

On October 6, 2017, the court permitted the parties to conduct environmental sampling relating to the Site provided written notice and an opportunity to observe was provided to the opposing party. (Doc. 53.) Following adjudication of several pre-discovery motions, the court ordered the parties to make initial Rule 26(a)(1) disclosures

13

within fifteen days of December 20, 2021. (Doc. 283.) Although the parties were not initially expected to engage in discovery while the motion for a *Lone Pine* order was pending, the court permitted the parties to commence discovery at a June 28, 2022 hearing. Once the Case Management Affidavit template was prepared on August 30, 2022, it was Plaintiffs' burden to complete and file them before the deadline in February 2023. The court's Modified Discovery Order, however, did not set a deadline for submitting preliminary expert witness reports. *See* Fed. R. Civ. P. 26(a)(2)(D) (explaining expert witness disclosures occur "at the times and in the sequence that the court orders[]" or "at least [ninety] days before the date set for trial or for the case to be ready for trial[]").

"[W]hen a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion." *Com. Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 386 (2d Cir. 2001).

> A party resisting summary judgment on the ground that it needs additional discovery in order to defeat the motion must submit an affidavit pursuant to Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)), showing: (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.

*Elliott v. Cartagena*, 84 F.4th 481, 493 (2d Cir. 2023) (internal quotation marks and citation omitted). Rule 56(d), however, "is not a license to go fishing for evidence[] in the hopes of finding something that will support one's claims." *Robinson v. Allstate*, 706 F. Supp. 2d 320, 329 (W.D.N.Y. 2010).

Plaintiffs' counsel's affidavit states Plaintiffs' expert witnesses will require a full inventory of the allegedly toxic substances deposited at the Site, the quantity of each toxic substance, and the timeframe(s) in which they were deposited at the Site in order to render an expert witness opinion on the nature and extent of Plaintiffs' exposure, which is critical to proximate causation in a toxic tort case. To obtain this information, Plaintiffs

served discovery requests on Defendants seeking documents detailing the composition of all waste deposited at the Site. They assert their discovery efforts have thus far been unsuccessful because Defendants objected to their discovery requests, however, the parties are working towards a resolution. Defendants do not contest the veracity of Plaintiffs' statements, although they contend Plaintiffs' requests lack specificity and Plaintiffs have failed to "meet and confer with . . . Defendants regarding the alleged deficiencies in their responses[]" within the last six months. (Doc. 436 at 24.)

Plaintiffs must be provided an opportunity to complete discovery relevant to proximate causation and produce expert witness reports before the court can decide whether Defendants, if any, are entitled to summary judgment. For this reason, the court DENIES WITHOUT PREJUDICE Defendants' request for summary judgment on Plaintiffs' personal injury claims. Within fourteen (14) days of this Opinion and Order, the parties shall meet and confer and establish the deadlines for expert witness reports and any other discovery. Upon the completion of discovery, Defendants may renew their motions. At that time, the admitted facts will remain admitted unless and until an admissible expert witness opinion or other admissible evidence specifically rebuts them.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART AND DENIES IN PART Defendants' consolidated motions for summary judgment. (Docs. 394, 404, & 420.)

SO ORDERED.

Dated this 14th day of March, 2024.

Christina Reiss, District Judge
United States District Court