UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ELIZABETH ANDRES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-00377-CCR |
| | ) | |
| TOWN OF WHEATFIELD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| ----------------------------------- | ) | |
| ALICIA BELLAFAIRE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-00560-CCR |
| | ) | |
| TOWN OF WHEATFIELD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| ----------------------------------- | ) | |
| THEODORE WIRTH, III, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-01486-CCR |
| | ) | |
| TOWN OF WHEATFIELD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL
RULE 34 INSPECTION**
(Doc. 548)

Plaintiffs are current or previous owners or renters of residential properties in North Tonawanda, New York, and the surrounding area who have lived in that area for at

least one year (collectively, "Plaintiffs). They seek to bring a class action suit against the Town of Wheatfield (the "Town") arising out of Plaintiffs' alleged exposure to toxic substances emanating from the Town's Nash Road landfill (the "Site").

On June 11, 2024, Plaintiffs filed a motion to compel a Rule 34(a)(2) inspection. (Doc. 548.) The Town filed a response on June 25, 2024. (Doc. 558.) Plaintiffs filed a reply in support of their motion on July 9, 2024, at which point the court took the motion under advisement. (Doc. 562.)

Plaintiffs are represented by John R. Fonda, Esq.; Lilia Factor, Esq.; Ashley M. Liuzza, Esq.; Christen Civiletto, Esq.; Louise R. Caro, Esq.; Michael G. Stag, Esq.; Paul J. Napoli, Esq.; and Tate James Kunkle, Esq. The Town is represented by Aarti Chandan, Esq.; Alison Roach, Esq.; Bradley A. Hoppe, Esq.; Charles D. Grieco, Esq.; Dennis K. Schaeffer, Esq.; Julia Anne O'Sullivan Poarch, Esq.; Kathleen H. McGraw, Esq.; Kevin George Cope, Esq.; Matthew E. Brooks, Esq.; and Scott M. Philbin, Esq.

## I.   Factual and Procedural Background.

Plaintiffs initiated the instant lawsuit on March 26, 2017, alleging claims under New York law for negligence, strict liability due to abnormally dangerous activities, nuisance, and trespass. In their original Complaint, Plaintiffs asserted claims against additional defendants: Niagara Sanitation Co.; Occidental Chemical Corporation; Hooker Chemical and Plastics Corp.; Bell Helicopter Textron, Inc.; Saint-Gobain Abrasives Inc.; Roe Consolidated Holdings; Graphite Specialties; Crown Beverage Packing, LLC; and Greif, Inc. These defendants have since been dismissed, and only the Town remains.

### A.   The October 6, 2017 Preliminary Injunction.

Upon Defendants' motion, the court issued an Opinion and Order granting Defendants' motion for a preliminary injunction on October 6, 2017, (the "Sampling Order"), which governed how the parties were to obtain environmental sampling related to the parties' claims and defenses, including samples from the Site. (Doc. 53.) The Sampling Order required "[e]ach party . . . serve the opposing party with written notice at least ninety-six hours prior to conducting environmental sampling[.]" *Id.* at 13. Upon service of such notice, the requesting party was required to "provide the [responding]

party with contemporaneous access to the sampling site and the opportunity to take split samples." *Id.*

      **B.    The April 1, 2024 Order.**

Pursuant to an Opinion and Order issued March 14, 2024, wherein the court denied without prejudice Defendants' motions for summary judgment seeking dismissal of Plaintiffs' personal injury claims for noncompliance with discovery requests and an inability to establish causation, (Doc. 512), the court issued an Order on April 1, 2024, (the "April 1 Order") (Doc. 517), which required the parties to complete "[a]ll written discovery except requests to admit . . . by June 1, 2024[,]" and "[a]ll fact witness discovery . . . by August 28, 2024." *Id.* at 2 (emphasis omitted). The April 1 Order further stated that no extensions would be granted "except upon written application, filed prior to the deadline, showing good cause of the extension." *Id.* at 3.

      **C.    The May 16, 2024 Order.**

On May 16, 2024, the court held a hearing on Defendants' joint motions to dismiss or preclude Plaintiffs' personal injury claims and to dismiss property damage claims under Fed. R. Civ. P. 37 (the "May 16 Order"), wherein the court found the discovery deadlines were clear and that:

> [T]he appropriate sanction [for noncompliance with prior orders] is that if [a document or piece of information has not] been disclosed to date, it will not be used at trial by the [P]laintiffs through some subsequent disclosures unless it is true supplementation[,] meaning [it is] a document or piece of information that could not have been acquired previously because it did not exist, and was not accessible from the third-party source or from the [P]laintiffs themselves.

(Doc. 531 at 31-32.)

In so ruling, the court addressed Plaintiffs' noncompliance with written discovery deadlines. It instructed the parties to begin fact witness discovery. (Doc. 530.)

      **D.    The Instant Discovery Request.**

Prior to filing the original Complaint, and later in 2017 and in 2019, Plaintiffs obtained and analyzed environmental samples from land surrounding the Site. On May 30, 2024, Plaintiffs' counsel contacted the Town's attorneys via email notifying them one

3

of their experts wanted to conduct environmental sampling of the Site in June. This is the first time Plaintiffs have sought to access the Site for sampling since this action was initiated. The Town did not grant Plaintiffs' request. Thereafter, Plaintiffs served the Town with a notice to inspect pursuant to Fed. R. Civ. P. 34(a)(2) on June 4, 2024. The parties met and conferred that same day and failed to resolve the issue. Plaintiffs contend their expert witness is entitled to verify Site conditions and to conduct testing to support his or her expert witness opinions.

The Town opposes this request, pointing out Plaintiffs previously conducted environmental sampling, the New York State Department of Environmental Conservation ("NYSDEC") and others have conducted sampling, Plaintiffs waited too long to seek sampling, and Plaintiffs' request violates the court's discovery orders.

## II.   Conclusions of Law and Analysis.

### A.   Standard of Review.

Pursuant to Fed. R. Civ. P. 37(a)(1), "a party may move for an order compelling disclosure or discovery."[1] "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).

Fed. R. Civ. P. 34(a)(2) allows a party to serve "a request within the scope of Rule 26(b)[] . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may . . . sample the property[.]" Fed. R. Civ. P. 26 provides for the discovery of relevant, nonprivileged information, which "need not be admissible in evidence to be discoverable." Rule 26 is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other

---

[1] The Federal Rules require that a motion for an order compelling discovery or disclosure "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiffs' motion includes a declaration that the parties met and conferred on June 4, 2024. *See* Doc. 548-3, ¶ 4; *see also* Doc. 557, ¶ 20.

matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

> B. **Whether the May 16 Order Precludes Plaintiffs from Conducting Environmental Sampling at the Site.**

Plaintiffs argue that their request to inspect and test the Site complies with the Federal Rules of Civil Procedure, the Sampling Order, and the court's discovery orders. They assert there is no factual or legal basis for the Town's refusal to grant their request.

Pursuant to the May 16 Order, written discovery was closed as of May 16, 2024, and on that date the court instructed the parties to begin fact witness discovery. Obtaining environmental samples from the Site is not written discovery but is more properly characterized as fact discovery. *Compare Personalized Media Commc'ns, LLC v. Netflix Inc.*, 2021 WL 11709700, at *1 (S.D.N.Y. Jan. 12, 2021) (characterizing plaintiff's request for "on-site access to [defendant's] source code" as fact discovery), *with In re Acetaminophen-ASD-ADHD Prods. Liab. Litig.*, 2023 WL 580998, at *2 (S.D.N.Y. Jan. 27, 2023) (defining written discovery as "requests for documents, interrogatories, depositions on written questions, and requests for admission"); *see also Finjan, LLC v. Qualys Inc.*, 2020 WL 6581836, at *1 (N.D. Cal. Nov. 10, 2020) ("Inspecting your opponent's materials or obtaining or accessing data or information is fact discovery. It is explicitly governed by Federal Rule of Civil Procedure 34.") (citing *Ruiz-Bueno v. Scott*, 2014 WL 576400, at *4 (S.D. Ohio Feb. 12, 2014)).

Contrary to the Town's contentions, Plaintiffs are not required to rely on NYSDEC testing. Provided Plaintiffs comply with the terms and conditions of the Sampling Order, further particularity as to the substances they seek to test and where they plan to resample is not required because the Town has the right to request split samples. It is both reasonable and foreseeable that an expert witness would seek to rely on testing that reveals the most current Site conditions as this case proceeds to trial.

Per the April 1 Order, Plaintiffs had until August 28, 2024 to conduct Site sampling. Plaintiffs timely served a notice to inspect on the Town on June 4, 2024. The request complies with the terms of the Sampling Order. Environmental sampling of the

5

landfill at the center of this lawsuit falls squarely within the scope of discovery as the Site's chemical components and their relationship, if any, to Plaintiffs' alleged medical conditions is at the heart of the controversy between the parties in this case. *See* Fed. R. Civ. P. 26(b)(1).

The Town is hereby ORDERED to comply with Plaintiffs' testing request.

## CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' Motion to Compel Rule 34 Inspection (Doc. 548).

SO ORDERED.

Dated this 30th day of September, 2024.

Christina Reiss, District Judge
United States District Court